FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2012 SEP -4 P 2:56
CLERK'S OFFICE
AT BALTIMORE
BY ______ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

FIDELITY & GUARANTY LIFE INSURANCE COMPANY *

Plaintiff *

vs. * Civil Action No. 1:12-cv-00403-ELH

DA'JUAN LAMAR WOODY, et al. *

Defendants *

* * * * * * * * * * * * *

## CONSENT JUDGMENT

Upon considering the Parties' Joint Petition to Modify Injunction and Enter Consent Judgment in this statutory interpleader action, it is, this 4th day of Sept, 2012, by the United States District Court for the District of Maryland, hereby

ORDERED, that in addition to the named Defendants in this case, Woodbridge Structured Funding, LLC ("Woodbridge"), a Delaware entity, and Moonflower Funding LLC ("Moonflower"), a Delaware entity, both of which are integral to the resolution of the competing claims for the funds at issue, have each voluntarily submitted themselves to this Court's jurisdiction and, therefore, are bound by this Consent Judgment;

AND IT IS FURTHER ORDERED,

1. That the payments to be made under F&G Life Annuity Policy No. I674966 (the "Annuity") by F&G Life or any assignee or successor, shall be made as follows:

To J.G. Wentworth Originations, LLC, f/k/a 321 Henderson Receivables Limited Partnership ("Wentworth"), P.O. Box 7780-4244, Philadelphia, PA 19182-4244 as expressly approved by Order dated October 29, 2002 at the Okmulgee County District Court proceeding, Case No. CJ-2002-821, by Order dated August 20, 2003 at the Tulsa County District Court proceeding, Case No. 2003-4438, and by Amended Order dated

July 15, 2004 at the Okmulgee County District Court proceeding, Case. No. 2004-329 (collectively, the "Prior Orders"): One Hundred Ninety Five (195) monthly payments of Three Thousand Two Hundred Sixty Three and 73/100 Dollars ($3,263.73), commencing May 26, 2012, through and including July 26, 2028, and increasing by 3.00% every 12 months, with the first 3.00% increase occurring in August of 2012.

To Allen H. Grosnick, c/o Security Title Agency, Suite 140, 3636 North Central Avenue, Phoenix, AZ 85012 as expressly approved by Order dated April 10, 2012 at the Tulsa County District Court proceeding, Case No. CV-2011-00983 (the "Oklahoma Order"): One Hundred Forty Four (144) monthly payments of Five Thousand Three Hundred Ninety Four and 45/100 Dollars ($5,394.45), commencing August 26, 2028, through and including July 26, 2040, and increasing by 3.00% every 12 months, with the first 3.00% increase occurring in August of 2029.

To Da'Juan Lamar Woody ("Woody"): F&G Life will continue in its obligation to make periodic payments from the Annuity in accordance with its original obligations to Woody to make life-contingent payments to him beginning August 26, 2040, if he is still alive and for life thereafter.

2. All monies remaining in the Registry of this Court, less any registry fees, shall be sent to Wentworth at the following address: P.O. Box 83364, Woburn, MA 01813-3364;

3. F&G Life is relieved from any previous requirement to deposit funds relative to this matter into the Registry of the Court;

4. Hugh D. Hughes, Pamela A. Hughes, and Evolve Assignments, Ltd. ("Evolve"), having reassigned all of their rights under the Annuity to Woodbridge and Security Title, are hereby released, in full, by all parties hereto from any liability with respect to any and all claims that arise out of or relate in any way to the Settlement Agreement (as hereinafter defined), the Annuity, any periodic payments under the Annuity, any agreements relating to the Annuity, the Purchase Agreement (a defined hereafter), the Prior Orders, the Oklahoma Order, or any claims which have been or could have been asserted in this litigation (including but not limited to any claims, documents, pleadings, or matters referenced in any other paragraphs of this Consent Judgment) that have accrued from the beginning of time to the date of this Consent Judgment, including but not limited to any claims asserted in this proceeding;

5. The Court finds that Woodbridge has the authority to make the representations and warranties as set forth in the Petition, and to bind itself, and to the extent provided in this Consent Judgment, to also bind Lavender Funding LLC ("Lavender"), Security Title, Hugh D. Hughes, Pamela A. Hughes, and Moonflower with respect to this Consent Judgment;

6. Other than to enforce his rights under this Consent Judgment, Woody, and anyone claiming any interest derived in any way from him, are permanently enjoined from continuing or ever bringing any action or making any claim against F&G Life, F&G Assignment, Wentworth, Woodbridge, Lavender, Moonflower, Security Title, Hugh P. Hughes, and/or Pamela A. Hughes based upon or arising out of or related in any way to the Release of All Claims and Settlement Agreement dated July 21, 2000, between Woody and St. Paul Surplus Lines Insurance Company (the "Settlement Agreement"), the Annuity Policy No. I674966 issued July 18, 2000 or any payments made or to be made pursuant to the Annuity (the "Annuity"), the Structured Settlement Annuity Sale and Assignment Agreement dated July 25, 2011 between Lavender and Woody (the "Purchase Agreement") the Prior Orders, the Oklahoma Order, or any facts or allegations relating thereto or pleaded in this Interpleader Action;

7. Other than to enforce its rights under this Consent Judgment, the Oklahoma Order, or the Prior Orders, F&G Life, and anyone claiming any interest derived in any way from it, are permanently enjoined from continuing or ever bringing any action or making any claim against F&G Assignment, Woody, Wentworth, Woodbridge, Lavender, Moonflower, Security Title, Hugh P. Hughes, and/or Pamela Hughes based upon or arising out of or related in any way to the Settlement Agreement, the Annuity, the Purchase Agreement or any facts or allegations relating thereto or pleaded in this Interpleader Action;

8. Other than to enforce its rights under this Consent Judgment, the Oklahoma Order, or the Prior Orders, F&G Assignment, and anyone claiming any interest derived in any way from it, are permanently enjoined from continuing or ever bringing any action or making any claim against F&G Life, Woody, Wentworth, Woodbridge, Lavender, Moonflower, Security Title, Hugh P. Hughes, and/or Pamela A. Hughes based upon or arising out of or related in any way to the Settlement Agreement, the Annuity, the Purchase Agreement or any facts or allegations relating thereto or pleaded in this Interpleader Action;

9. Other than to enforce its rights under this Consent Judgment or the Prior Orders, Wentworth, and anyone claiming any interest derived in any way from it, are permanently enjoined from continuing or ever bringing any action or making any claim against F&G Life, Woody, F&G Assignment, Woodbridge, Lavender, Moonflower, Security Title, Hugh P. Hughes, and/or Pamela A. Hughes, based upon or arising out of or related in any way to the Settlement Agreement, the Annuity, the Purchase Agreement or any facts or allegations relating thereto or pleaded in this Interpleader Action;

10. Other than to enforce its rights under this Consent Judgment or the Oklahoma Order, Woodbridge, Lavender, Security Title, Hugh D. Hughes, Pamela A. Hughes, Evolve Assignments, and Moonflower, and anyone claiming any interest derived in any way from them, are permanently enjoined from continuing or ever bringing any action or making any claim against F&G Assignment, Woody, Wentworth and/or F&G Life based upon or arising out of or related in any way to the Settlement Agreement, the Annuity, the Purchase Agreement or any facts or allegations relating thereto or pleaded in this Interpleader Action;

11. Other than his remaining obligations and covenants to Woodbridge, if any, under the Settlement Agreement with Woodbridge and others dated February 23, 2012 (the "2012

Settlement Agreement") and his covenants and obligations under this Consent Judgment, Woody, except as hereinafter provided in this Consent Judgment, is released from any liability to F&G Assignment, F&G Life, Wentworth, Woodbridge, Lavender, Moonflower, Security Title, Hugh D. Hughes, Pamela A. Hughes, and Evolve with respect to any and all claims, unmatured or mature, known or unknown, that arise out of or relate in any way to the Annuity, the Settlement Agreement, the Annuity payments, the Purchase Agreement, or any claims related thereto asserted or which could have been asserted in this action;

12. Other than its payment obligations under this Consent Judgment, the Oklahoma Order, the Prior Orders, and its life-contingent obligations to Woody, as set forth in paragraph 1 hereof, F&G Life is released from any liability to F&G Assignment, Wentworth, Woodbridge, Lavender, Security Title, Hugh D. Hughes, Pamela A. Hughes, Evolve, Moonflower, with respect to any and all claims, unmatured or mature, known or unknown, that arise out of or relate in any way to the Settlement Agreement, the Annuity, the Annuity payments, the Purchase Agreement, or any claims related thereto asserted or which could have been asserted in this action;

13. Other than its obligations under this Consent Judgment, the Oklahoma Order, the Prior Orders, and its life-contingent obligations to Woody, as set forth in paragraph 1 hereof, F&G Assignment is released from any liability to F&G Life, Wentworth, Woodbridge, Lavender, Security Title, Hugh D. Hughes, Pamela A. Hughes, Moonflower and Evolve, with respect to any and all claims, unmature or mature, known or unknown, that arise out of or relate in any way to the Settlement Agreement, the Annuity, the Annuity payments, the Purchase Agreement or any claims related thereto asserted or which could have been asserted in this action;

14. Other than its obligations under this Consent Judgment and the Prior Orders, Wentworth is released from any liability to F&G Life, F&G Assignment, Woodbridge, Lavender, Security Title, Hugh D. Hughes, Pamela A. Hughes, Moonflower and Evolve, with respect to any and all claims, unmature or mature, known or unknown, that arise out of or relate in any way to the Settlement Agreement, the Annuity, the Annuity payments, the Purchase Agreement or any claims related thereto asserted or which could have been asserted in this action;

15. Other than their obligations under this Consent Judgment and the Oklahoma Order, Woodbridge, Lavender, Moonflower, Hugh D. Hughes, Pamela A. Hughes, Evolve, and Security Title are each released from any liability to F&G Life, F&G Assignment and/or Wentworth, with respect to any and all claims, unmature or mature, known or unknown, that arise out or relate in any way to the Settlement Agreement, the Annuity, the Annuity payments, the Purchase Agreement or any claims related thereto asserted or which could have been asserted in this action;

16. Woodbridge, Moonflower, and Lavender, shall jointly and severally indemnify, defend, and hold harmless F&G Life, F&G Assignment and their respective predecessors, representatives, affiliates, successors, and assigns from any claim made or action brought by any person or entity (i) on account of any Annuity payments that are to be made to Woodbridge or Allen H. Grosnick pursuant to this Consent Judgment; or (ii) for any actions or omissions by Woodbridge, Moonflower, Lavender or Security Title, Hugh D. Hughes, Pamela A. Hughes, Evolve Assignments, Moonflower Funding LLC, Allen H. Grosnick, or Lavender Funding occurring prior to the date of this Consent Judgment and arising out of or related to the Annuity, this Court's Judgment or the Settlement Agreement. This indemnification shall include all actual

attorneys' fees, costs and expenses incurred by F&G Life and/or F&G Assignment as a consequence of any such claim or action. In addition, Woodbridge shall indemnify and hold harmless Hugh D. Hughes, Pamela A. Hughes, Security Title, and Allen H. Grosnick from any claim made or action brought against them by any person or entity arising from or relating to the Annuity, the claims and/or circumstances set forth in this proceeding, the 2012 Settlement Agreement, and/or this Consent Judgment.

17. Wentworth shall indemnify, defend, and hold harmless F&G Life, F&G Assignment and their respective predecessors, representatives, affiliates, successors, and assigns from any claim made or action brought by or any person or entity (i) on account of any Annuity payments that were made to Wentworth up to this date; (ii) on account of any Annuity payments that are to be made to Wentworth pursuant to this Consent Judgment; or (iii) for any actions or omissions occurring prior to the date of this Consent Judgment and arising out of or from the payment of monies to Wentworth under the Annuity. Wentworth's indemnification shall include all actual attorney's fees, costs and expenses incurred by F&G Life and/or F&G Assignment as a consequence of any such claim or action.

18. Woody shall indemnify, defend, and hold harmless F&G Life, F&G Assignment, and all of the parties named in this Consent Judgment and their respective predecessors, representatives, affiliates, successors, and assigns from any claim made or action brought by any person or entity on account of any transfer or attempted transfer by Woody of any interest or purported interest in any of the Annuity payments transferred pursuant to this Consent Judgment or prior to the date of this Consent Judgment. This indemnification shall include all reasonable attorney's fees, costs, and expenses incurred by F&G Life, F&G Assignment and any other party named in this Consent Judgment as a consequence of any such claim or action.

19. As between Woody and Woodbridge, this Consent Judgment shall not serve to limit, modify, or affect the terms (including the releases) contained in the Settlement Agreement by and between them and others dated February 23, 2012. This Consent Judgment, the actions and representations of all parties named herein in satisfying their respective obligations in connection with this Consent Judgment, shall not constitute evidence in this or any matter and is not intended to constitute evidence in any other matter that: (i) payments under a structured settlement contract or annuity or related contracts can or cannot be assigned or that "anti-assignment" or "anti-encumbrance" provisions in structured settlement contracts or annuities or related contracts are not valid and enforceable; and (ii) other transactions entered into by Wentworth and/or Woodbridge (including those persons and entities for whom it is providing indemnification pursuant to this Consent Judgment) and their customers constitute or do not constitute valid sales and/or loans.

20. For good and valuable consideration, the receipt, sufficiency and adequacy of which are hereby acknowledged, except for Woody's rights to payments pursuant to this Consent Judgment, Woody does hereby generally release and forever discharge F&G Life, F&G Assignment, Wentworth, Woodbridge, Lavender, Evolve, Moonflower, Hugh D. Hughes, Pamela A. Hughes and Security Title and their respective predecessors, representatives, affiliates, successors and assigns from any and all debts, demands, accounts, claims, and obligations of any kind, known or unknown, matured or unmatured, which Woody may now or hereafter have against them, or any of them, arising, directly or indirectly, out of anything which has transpired from the beginning of time through the date hereof.

21. This Consent Judgment shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and permitted assigns (if any). None of the parties,

persons, or entities named in this Consent Judgment may assign any of its rights under this Consent Judgment, except that the right to receive Annuity payments may be assigned provided that: (i) the assignment covers all of the assignor's rights hereunder; (ii) the assignee expressly, jointly with the assignor, assumes all of the assignor's obligations hereunder; and (iii) the assignor and assignee jointly confirm the assignment in writing, in a form reasonably acceptable to F&G Life and F&G Assignment. which writing shall include the name and address of both the assignor and the assignee, the policy number and/or other identifying information for the Annuity, the effective dates of the assignment, and the address to which payments are to be sent after such effective date.

22. Nothing contained in this Consent Judgment shall be deemed to imply that any person or entity other than F&G Assignment has or has ever had any rights of ownership or control of the Annuity.

23. The parties shall each bear their own costs (including attorney's fees) incident to this action.

24. This Court retains jurisdiction over this matter to enforce any and all issues relating to this Consent Judgment. Nothing in this Consent Judgment shall preclude any party from bringing an action to enforce the terms of the Consent Judgment.

25. As used in this Consent Judgment, reference to a party shall include that party's predecessors, parent and subsidiary corporations, successors and personal representatives, and their respective officers, directors, shareholders, employees, agents, attorneys, and assigns.

Ellen L. Hollander
United States District Court Judge

Seen and Approved:

Joseph G. Fortner, Jr.
Attorney for Woodbridge, Hugh D. Hughes, Pamela A. Hughes, Lavender, Moonflower, and Security Title

Paul McDonald
Attorney for Wentworth

H. Mark Stichel
Attorney for F&G Assignment

Martin S. Himeles, Jr.
Attorney for Woody

Earl S. Nesbitt
Attorney for Evolve Assignments, Ltd.

Stephen H. Kaufman
Attorney for F&G Life

4845-8340-2000, v. 2